**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **CORDIOTA INC., a California corporation, on behalf of itself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NAB-CW LLC d/b/a CWA MERCHANT SERVICES, a Delaware limited liability company; MERRICK BANK CORPORATION, a Utah corporation; and DOES 1 through 10,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:25-cv-00209-TS-JCB**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Ted Stewart referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Defendants NAB-CW LLC d/b/a CWA Merchant Services ("CWA") and Merrick Bank's ("Merrick") (collectively, "Defendants") motion to extend the dispositive motion deadline,[2] and the parties' joint motion to continue depositions and extend case deadlines.[3] For the reasons stated below, the court DENIES Defendants' motion to extend the dispositive motion deadline and GRANTS the parties' joint motion to continue case deadlines. The court takes each in turn.

[1] ECF No. 10.

[2] ECF No. 77.

[3] ECF No. 85.

In May 2025, the court entered a scheduling order that set May 27, 2026, as the deadline for the parties to file dispositive motions.[4] In the nearly eighteen months since the court entered that scheduling order, the court has decided several scheduling and discovery motions, extended deadlines related to both fact and expert discovery, and added to the scheduling order a deadline for filing a motion for class certification.[5] In September 2026, Defendants for the first time asked the court to extend the dispositive motion deadline.[6]

As Defendants filed the motion after the dispositive motion deadline expired, the motion is governed by Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent," as well as Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." For their motion to succeed, therefore, Defendants must demonstrate both good cause and excusable neglect.

The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[7] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of

[4] ECF No. 27 at 4.

[5] *See, e.g.*, ECF Nos. 69, 73, and 82.

[6] ECF No. 77.

[7] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

> the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[8]

"[G]ood cause requires a greater showing than excusable neglect."[9] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[10] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[11]

To determine whether the lesser standard of excusable neglect is shown,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[12]

---

[8] *In re Kirkland*, 86 F.3d at 175 (citation modified) (emphasis in original); *see also Putnam*, 833 F.2d at 905.

[9] *In re Kirkland*, 86 F.3d at 175 (citation modified).

[10] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[11] *Id.* at 701 (citation modified).

[12] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (citation modified); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), its analysis rested on the plain meaning of the terms" and that, accordingly, "the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified)).

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor in determining whether neglect is excusable.'"[13] "'An inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[14]

Defendants argue that both good cause and excusable neglect support extending the dispositive motion deadline.[15] Defendants claim they have diligently pursued the extension by raising the issue with Plaintiff's counsel shortly after the deadline expired; by stating in a June 18, 2026, response to a motion that the dispositive motion deadline should match the class certification deadline; and finally by filing the instant motion.[16] Defendants also argue that dispositive motion practice could not occur until the parties were deposed, and Defendants have been diligently pursuing Plaintiff's deposition for months.[17]

Plaintiff opposes the motion, arguing that Defendants have shown neither excusable neglect nor diligence and that Plaintiff would be prejudiced if the court grants the motion.[18] Plaintiff's purported prejudice arises because Plaintiff relied on the existing scheduling order and extending the dispositive motion deadline would require Plaintiff to handle dispositive motions at the same time as a class certification motion.[19]

---

[13] *Shifers*, 2018 WL 6620865, at *3 (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (citation modified).

[14] *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (citation modified).

[15] ECF No. 77 at 6-7.

[16] *Id.* at 6.

[17] *Id.* at 7; ECF No. 88 at 2.

[18] ECF No. 84 at 4-7.

[19] *Id.* at 7.

The court determines that Defendants have not demonstrated good cause to extend the dispositive motion deadline. The record supports Defendants' contention that they have raised the idea of extending the dispositive motion deadline several times, but that is of no moment. The first time Defendants raised the issue with the court in an actionable way is in the present motion. While Plaintiff may have known since shortly after the dispositive motion deadline expired that Defendants wished to extend the deadline, Defendants did not file a motion upon which the court could grant that relief until four months later. Defendants' response to a separate motion that states their preference to extend the deadline does not impact this analysis.[20] The local rules of civil practice forbid parties from seeking relief in a response or reply to a motion; any relief sought must be done by motion.[21]

Defendants do not adequately explain their four-month delay in filing the motion for an extension, which colors the court's evaluation of diligence. Defendants seem to argue that they believed the dispositive motion deadline would be set at the conclusion of discovery.[22] This disregards the scheduling order set by the court more than one year before Defendants filed the motion.[23] In any case, mistake of counsel generally is insufficient to demonstrate the good cause or excusable neglect necessary to extend a deadline.[24] Defendants argue that deposing the parties

[20] ECF No. 62.

[21] Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); DUCivR 7-1(3) ("No Motion Within a Response or Reply. A party may not make a motion . . . in a response or reply. Any motion must be separately filed.").

[22] ECF No. 77 at 6 ("Defendants sought this extension after the fact, as such deadline was believed to coincide with a class certification deadline to be scheduled at the conclusion of discovery, as seen and dealt with in other matters.").

[23] ECF No. 27.

[24] *In re Kirkland*, 86 F.3d at 175.

is a necessary precondition to dispositive motion practice, and that those depositions have not yet occurred.[25] Defendants' purported diligence in pursuing those depositions, however, does not translate to diligence in attempting to meet the dispositive motion deadline. In the year between the court setting the dispositive motion deadline and the deadlines' expiration, Defendants could have at any time moved to extend the deadline or attempted to meet it. They did neither.

The crux of a good-cause inquiry is determining the movant's diligence in attempting to meet the relevant deadline. The court cannot say that Defendants could not meet the dispositive motion deadline despite their diligent efforts.[26] On the contrary: It appears that Defendants assumed the deadline would be moved at some point in the future and did not consider it necessary to attempt to meet the deadline as established by the court.[27] "A Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."[28] For the reasons stated above, Defendants have failed to demonstrate good cause to extend the dispositive motion deadline, and the court need not discuss whether Defendants have demonstrated excusable neglect.

As for the parties' joint motion to continue depositions and extend case deadlines, the court grants the motion based upon the parties' stipulation, for the reasons stated in the motion, and for good cause shown.[29]

---

[25] ECF No. 77 at 7; ECF No. 88 at 2.

[26] *Herbert*, 678 F. App'x at 701.

[27] *See* n.20, *supra*.

[28] *Rennsli Corp. v. Winberg*, No. 220CV00247JNPJCB, 2021 WL 1381166, at *3 (D. Utah Apr. 12, 2021) (citation modified).

[29] ECF No. 85.

For the reasons set forth above, the court HEREBY ORDERS as follows.

(1) Defendants' motion to extend the dispositive motion deadline is DENIED.[30]

(2) The parties' joint motion to continue depositions and extend case deadlines is GRANTED.[31]

(3) The deadline to complete Rule 30(b)(6) depositions of CWA, Merrick, and Plaintiff Cordiota, Inc., is extended to February 22, 2027.

(4) The deadline to complete expert discovery and depositions is extended to March 1, 2027.

(5) The deadline to file a class certification motion is extended to March 22, 2027.

IT IS SO ORDERED.

DATED this 4th day of November 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[30] ECF No. 77.

[31] ECF No. 85.